McCORD, Judge
(dissenting).
On Motion for Summary Judgment, the trial court, and the appellate court on re *425 view, must view the evidence before the court in the light most favorable to the party against whom the motion is made. All inferences of fact from the proof offered at the hearing must be drawn against the movant.
This case is being tried under the comparative negligence doctrine. It is clear to me from the excerpts from the depositions that have been presented in the appendix to appellants’ brief that there is an issue of fact as to whether or not the deceased was guilty of some degree of negligence that was a proximate cause of his death. The trial court, by granting the motion for summary judgment in appellants’ favor, necessarily found there was nothing from which a jury could determine that the deceased was guilty of any such negligence.
There was testimony before the trial court (which is contained in the excerpts from depositions in appellants’ brief appendix) to the effect that at the time of the accident in which the deceased was run over by appellant’s truck as it was backing up to unload logs, the deceased was familiar with the unloading operations of the trucks and the area in which they were unloading ; that it was part of the deceased’s job in conjunction with his work as a brakeman in the operation of a train in the same location to watch the train and truck operations; that the noise in the area was not excessive at the time and therefore the deceased should have been able to hear the truck; that the truck was moving slowly backwards when it hit him and that there was ample room for him to have moved out of the way. This testimony raises a material issue of fact on the question of whether or not the deceased was using reasonable diligence for his own safety and was to any degree contributorily negligent.
Appellee in her brief asserts that the issue of the degree of the decedent’s negligence, if any, is not foreclosed by the summary judgment; that on trial the judge can submit the issue of the degree if any, of negligence of the deceased to the jury for apportionment of damages if it finds he was negligent. Such is not the case— the summary judgment eliminates the negligence issue.
I do not construe Florida Appellate Rule 4.2(d) to require that the whole record which was before the trial court on the motion for summary judgment must be sent to this court where the effect of the summary judgment is a ruling that appel-lee’s decedent was free of any negligence which was a proximate cause of his death. The rule only requires that the appendices include such parts of the record as are needed to determine the appeal. Here, this only requires such parts of the record as are needed to show that there is a material issue of fact on the question of whether or not the deceased was negligent. The record is sufficient for that purpose. I would, therefore, reverse.